UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALAK BAALIM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.  1:24-cv-01338 (UNA) |
| ) | |
| WASHINGTON PASSPORT ) | |
| AGENCY, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Currently before the Court is petitioner's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and his *pro se* petition for review ("Pet."), ECF No. 1.  The Court grants petitioner's IFP application and, for the reasons below, dismisses this matter without prejudice for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

Petitioner Malak Baalim, a resident of St. Louis, Missouri, sues the Washington Passport Agency ("WPA"), located in the District of Columbia, and three WPA personnel, though petitioner neither includes their full names, nor their contact information, in contravention of D.C. LCvR 5.1(c)(1).  *See* Compl. at 1.

Petitioner states that, in August and September 2023, he and another individual, Zinaya Gaia, both of whom purport to be non-citizen United States nationals, paid and applied for United States passports at the Chicago Passport Agency ("CPA").  *See id.* at 1–3.  After some back and forth, and after the CPA requested additional documentation regarding their citizenship statuses, and ultimately, the CPA neither approved nor denied their passport applications, informing them that they had to follow-up with the WPA.  *See id.* at 2.  After speaking with a WPA representative by phone, petitioner was once again informed that their applications had neither been approved

nor denied, and that new applications would be required. *See id*. at 3. Then, on April 24, 2024, petitioner made appointments at the WPA, and the following day, he and Gaia appeared there in person, demanding that their passports be issued. Once again, WPA personnel informed petitioner and Gaia that their applications had neither been approved nor denied, but that they would have to resubmit their passport applications as U.S. citizens—not non-citizen United States nationals—with their names as listed on their birth certificates, and the applicable fee. *See id.* Notwithstanding, petitioner asserts that respondents have failed to acknowledge their statuses as U.S. nationals, that he and Gaia are entitled to their passports based on their existing submissions, and he asks this Court to "intervene and have the Washington Passport Agency" issue their "passport cards and passport books under the name of the applicants that applied for the passport[.]" *See id*. at 2–4.

At the outset, the Court notes that, to the extent that petitioner seeks relief on behalf of Gaia, he may not do so. Gaia is neither named as a party to this case, nor has she executed any of the pleadings or otherwise indicated her intent to participate in this case. And a *pro se* petitioner can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004).

Assuming petitioner raises his claims solely on his own behalf, he fares no better. *First*, he makes passing reference to the Freedom of Information Act ("FOIA"), *see* Compl. at 1, but FOIA jurisdiction extends only to claims arising from an agency's improper withholding of records

requested in accordance with agency rules, *see* 5 U.S.C. §§ 552(a)(3)(A), (4)(B)(1); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)), and "[a]n agency's obligation to disclose records is not triggered . . . until a proper request has been received." *Pickering-George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 5 (D.D.C. 2008). Here, there is no indication that petitioner ever lodged a FOIA request with any federal agency.

*Second*, petitioner cites broadly to the Federal Tort Claims Act ("FTCA"), *see* Compl. at 1, but the FTCA only waives the sovereign immunity of the federal government with respect to liability for money damages for certain tort claims. *See* 28 U.S.C. §§ 1346(b)(1), 2675(a), 2680. Petitioner has neither alleged a tort claim nor demanded money damages; so the FTCA is inapplicable. *See Vanover v. Hantman*, 77 F. Supp. 2d 91, 97–99 (D.D.C. 1999), *aff'd*, 38 Fed. Appx. 4 (D.C. Cir. 2002) (per curiam). More, the "United States of America is the only proper defendant in a suit under the FTCA[,]" *Chandler v. Fed. Bureau of Prisons*, 226 F. Supp. 3d 1, 6 n.3 (D.D.C. 2016); *see also Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016) ("[A] plaintiff may not bring tort claims against federal officials in their official capacities or against federal agencies; the proper defendant is the United States itself[.]"); 28 U.S.C. § 2679(a), and petitioner has not named the United States in this matter.

*Third*, petitioner appears to challenge respondents' instruction that he re-apply for his passport pursuant to their guidelines, constituting an alleged violation of his First Amendment "right to travel." *See* Compl. at 1, 4. But the right to travel aboard "is not an absolute right," and, generally speaking, it is not protected under the First Amendment. *See Berrigan v. Sigler*, 358 F. Supp. 130, 137 (D.D.C. 1973) (relying on *Zemel v. Rusk*, 381 U.S. 1, 16 (1965) (rejecting the appellant's argument that the Secretary of State's refusal to validate his passport violated his First

Amendment rights)), *aff'd*, 499 F.2d 514 (D.C. Cir. 1974). And petitioner has otherwise failed to specify how the respondents' actions have affected his First Amendment rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (explaining that "bare assertions" of wrongdoing are "not entitled to be assumed true"). Simply put, "[e]vents may not have unfolded as [petitioner] wished, but his dissatisfaction" does not, standing alone, create a constitutional violation. *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). Finally, as already noted, petitioner has not set forth a claim for damages, and under *Bivens*, "it is damages or nothing." *Davis v. Passman*, 442 U.S. 228, 245 (1979) (citation and internal quotation marks omitted).

The Court notes that, although petitioner does not cite to it, under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, a court may (1) "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), or (2) "hold unlawful and set aside agency action" that is, among other things, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," *id.* § 706(2).

If petitioner seeks to challenge the respondents' actions, there is no indication that he has received a "final agency action" as required by statute. *See* 5 U.S.C. § 704. By his own admission, *see* Compl. at 2–3, neither the CPA nor the WPA ever issued a formal and final administrative denial, *see* 8 U.S.C. § 1503(a). In other words, he has neither received a decision nor formally administratively challenged the alleged actions with the appropriate federal agency, and "[w]ithout a final agency decision, plaintiff may not seek relief pursuant to Section 706(2), as seeking relief from this court would be premature." *Smith v. DHHS*, No. 22-cv-02785, 2022 WL 16571234, at *1 (D.D.C. Oct. 28, 2024) (dismissing for failure to state a claim where the plaintiff sought to obtain an emergency passport without "actually administratively challeng[ing]" the determination

at issue) (citing *FTC v. Standard Oil Co.*, 449 U.S. 232, 241 (1980); *Sw. Airlines Co. v. DOT*, 832 F.3d 270, 275 (D.C. Cir. 2016)).

And, if petitioner seeks to compel respondents to act, it is unclear how, or why, they are so obligated. *See id*. "[T]he only agency action that can be compelled under the APA is action *legally required*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original). Petitioner was provided with specific instructions that, if followed, would advance the progress of his passport application. *See* Compl. at 2–4. He has admittedly declined to follow them, instead demanding that respondents process the passport application in his preferred manner, but providing no authority that contravenes the agency's discretion to direct its own processes, *see id*., falling well short of stating a claim under Section 706(1), *see Silver v. Blinken*, No. 22-cv-00053, 2022 WL 343554, at *2 (D.D.C. Jan. 25, 2022), *aff'd*, No. 22-5051, 2022 WL 1309034 (D.C. Cir. May 2, 2022) (per curiam) (dismissing for failure to state a claim where the plaintiff demanded specific action from a federal passport agency, but failed to comply with the agency's instructions); *see also Geronimo v. Obama*, 725 F. Supp. 2d 182, 186 (D.D.C. 2010) (finding that, where the plaintiffs failed to cite a "final agency action" or to otherwise "identify discrete agency inaction in violation of a nondiscretionary duty, the APA's waiver of sovereign immunity could not be invoked) (citation and internal quotation marks omitted).

For all of these reasons, this matter is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

TREVOR N. McFADDEN
United States District Judge

Date: July 10, 2024